**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Sloan Medved,<br><br>               Plaintiff,<br><br>v.<br><br>Arc Entertainment LLC,<br><br>               Defendant. | No. CV-15-01347-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a complaint (Doc. 1), an amended complaint (Doc. 6), an application to proceed in forma pauperis ("IFP") without the prepayment of filing fees and costs (Doc. 2), and a motion to allow electronic filing (Doc. 3). The Court will grant Plaintiff's application to proceed IFP, dismiss the amended complaint for failure to state a claim, and deny Plaintiff's motion to allow electronic filing.

**I.     Application to Proceed IFP.**

Applications to proceed IFP are governed by 28 U.S.C. § 1915, which permits a litigant to commence an action or proceeding without prepayment of fees. The applicant must submit "an affidavit that includes a statement of all assets such [applicant] possesses" and "that the person is unable to pay such fees[.]" *Id.* § 1915(a)(1). Plaintiff's application indicates that he is unable to afford the fees associated with filing this action. As such, the Court will grant Plaintiff IFP status.

District courts are required to screen complaints brought by litigants proceeding IFP. *See Phillips v. Salt River Police Dept.*, No. CV-13-798-PHX-LOA, 2013 WL

1797340, at *1 (D. Ariz. April 29, 2013).  In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2).  While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) ... allows a district court to dismiss[] sua sponte ... a complaint that fails to state a claim[.]"  *Id.* at 1130.[1]

## II.     Plaintiff's Amended Complaint.

This is not Plaintiff's first complaint in this District.  Since September 11, 2014, Plaintiff has filed 20 separate complaints in the District of Arizona.  The crux of each complaint is a conspiracy to humiliate Plaintiff by family members.  This complaint differs merely in that it names an entertainment corporation as an additional conspirator.

Plaintiff alleges that the film *Justin and the Knights of Valour*, an animated movie about a teenager who desires to become a knight instead of a lawyer and sets out to find his grandfather's sword, "directly targets plaintiff for the purpose of catalyzing further suffering and damage he is already experiencing[.]"  Doc. 6, ¶ 24.  Plaintiff claims the movie is actually based on his life because like the movie, Plaintiff's name is Justin, he has red hair, has blue eyes, had previously expressed a desire to be a lawyer, and his grandfather "wanted plaintiff to have his gun when he died[.]"  *Id.*, ¶ 14.  Plaintiff goes on to state in paragraph 25 of his complaint:

> The producers and distributors of *Justin and the Knights of Valour* are portraying to the community through such many references to plaintiff's life in the film which it was seemingly built around and the appropriation of his likeness and it's distortion in relation to such infamous damage and suffering as he is experiencing, that in order to portray Justin all you need to do is get high more, further adding to and catalyzing the unfair damage

---

[1] Plaintiff is proceeding under the Court's diversity jurisdiction.  Plaintiff is an Arizona resident, Defendant is a California resident, and the amount in controversy could plausibly amount to over $75,000 assuming Plaintiff would succeed on all counts.  *See Forever Living Prods. U.S., Inc. v. Geyman*, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006) ("In measuring the amount in controversy, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

and suffering Michael Patrick Medved and the Phoenix Police along with a large group of others have unjustifiably inflicted upon plaintiff through defamation.

*Id.*, ¶ 25.  Plaintiff claims Defendant Arc Entertainment, LLC distributes the film.

Plaintiff spends the majority of his complaint detailing the wrongful conduct of other individuals and entities.  For example, he claims Michael and Laura Medved wrongfully claimed that Plaintiff "was scaring people by wearing to[o] much sunscreen . . . and control[ed] him through a cheated game of monopoly in real life" so as to "portray plaintiff as a confused movie junky who was wearing sunscreen to make him appear in the likeness of Heath Ledger's character from *The Dark Knight*[.]"

Plaintiff alleges six claims for relief against Arc: (1) Conspiracy to Violate Plaintiff's Civil Rights, (2) Intentional Infliction of Emotional Distress, (3) Negligent Infliction of Emotional Distress, (4) Appropriation of Name and Likeness to Violator's Benefit, (5) Fraud, and (6) Publicity Given to Private Life.  Doc. 6.  Plaintiff seeks compensatory damages in the amount of $1 billion.

### A. Civil Conspiracy.

To state a claim for civil conspiracy under 42 U.S.C. § 1985(3), "a plaintiff must first have a cognizable claim under § 1983."  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004).  "An essential requirement for a § 1985(3) claim is that there must be some racial or other class-based 'invidious discriminatory animus' for the conspiracy."  *Montes v. Arizona*, No. CV-11-0267-TUC-CKJ, 2012 WL 2017971, at *5 (D. Ariz. June 5, 2012) (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992)).  Here, Plaintiff does not allege that he is a member of any protected class, does not allege any discriminatory motive by Arc, and does not establish a violation of 42 U.S.C. § 1983.  This claim fails.

### B. Remaining Tort Claims.

Plaintiff's remaining claims in the amended complaint contain no supporting factual allegations.  Plaintiff fails to (1) describe the substance of the conspiracy, (2) detail how Arc defrauded Plaintiff, (3) describe how Arc is connected with any of the

other conspirators (Arc is the only named defendant), and (4) identify any overt acts. The fact that a fictional character has the same hair and eye color as Plaintiff does not establish that Arc sought to benefit from Plaintiff's likeness or cause him emotional distress. As Judge John Tuchi noted in his order dismissing Plaintiff's first case, the allegations "document[] what appears to be an extended family dispute." Case No. CV-14-2005, Doc. 4. Plaintiff's allegations boil down to nothing more than alleged wrongs committed by family members, and there are no allegations that plausibly implicate Arc in a conspiracy to harm Plaintiff.

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Here, it is clear that Plaintiff cannot allege any set of facts involving Arc to support his claims. The claims are dismissed with prejudice.

**IT IS ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **dismissed with prejudice**.
2. Plaintiff's request for IFP status (Doc. 2) is **granted**.
3. Plaintiff's motion to allow electronic filing (Doc. 3) is **denied.**
4. The Clerk is directed to **terminate** this action.

Dated this 18th day of August, 2015.

David G. Campbell
United States District Judge

- 4 -